IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Geraldine Elmore and Joseph L. Elmore, ) | | |
| ) | Civil Action No. 5:10-3287-MBS | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | **ORDER AND OPINION** | |
| ) | | |
| Bender Corporation, a/k/a BD Corporation, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

On October 15, 2010, Geraldine Elmore and Joseph L. Elmore ("Plaintiffs") filed an action in the Court of Common Pleas for Orangeburg County, South Carolina against Bender Corporation, also known as BD Corporation ("Defendant").[1] ECF No. 1-1. Plaintiffs asserted products liability claims based on strict liability and negligence, as well as a claim for loss of consortium. *Id.* All claims arise from alleged injuries suffered by Geraldine Elmore after her blood was drawn at the Orangeburg Regional Medical Center on October 18, 2007. *Id.* Defendant removed the action to this Court on December 28, 2010, and filed an answer on December 29, 2010. ECF No. 1 & 5. On July 8, 2011, Defendant moved for summary judgment. ECF No. 14. Plaintiffs did not respond in opposition.

**FACTS**

Plaintiffs allege that on October 18, 2007, Mrs. Elmore went to the Orangeburg Regional Medical Center with her husband to have blood drawn from her arm. ECF No. 1-1 at 5. Plaintiffs further allege that several minutes after the blood was drawn, the site where the needle was inserted began to itch and burn, and that shortly thereafter Mrs. Elmore's entire body began

---

[1]  Defendant is in fact named Becton Dickinson and Company.

to itch painfully. *Id.* Plaintiffs allege that the injection site subsequently became infected, resulting in the loss of skin tissue and a "nasty wound" on Mrs. Elmore's arm that caused her to be unable to work and to therefore close her business. *Id.*

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) he is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and any inferences drawn from the facts should be viewed in a light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Summary judgment is required "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## DISCUSSION

In any products liability action, a plaintiff must prove (1) that she has been injured by the defendant's product; (2) "that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant"; and (3) "that the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Madden v. Cox*,

328 S.E.2d 108, 112 (S.C. Ct. App. 1985).  Defendant argues that it is entitled to summary judgment on Plaintiffs' products liability claims because Plaintiffs have not produced evidence sufficient to establish that Mrs. Elmore was injured by Defendant's product, that the needle that injured Mrs. Elmore was in the same condition as when it left the hands of its manufacturer, or that the needle was in an unreasonably dangerous defective condition.  In response, Plaintiffs have put forth no evidence that Mrs. Elmore was injured by a Becton Dickinson needle.  Additionally, assuming that Mrs. Elmore was injured by a Becton Dickinson needle, Plaintiffs have put forth no evidence showing that the needle was in essentially the same condition as when it left Defendant's control.  Finally, Plaintiffs have produced no evidence of any defect in the needle.  Accordingly, Plaintiffs cannot survive summary judgment on their products liability claims.

In South Carolina, "one spouse's cause of action for . . . loss of consortium resulting from negligent injuries to the other spouse is a different and distinct cause of action from the one maintained by the injured spouse."  *Graham v. Whitaker*, 321 S.E.2d 40, 43 (S.C. 1984). "Generally, a plaintiff spouse's claim for loss of consortium fails if the impaired spouse's claim fails, whether the claim is considered separate and independent from the impaired spouse's claim or derivative in nature."  *Lee v. Bunch*, 647 S.E.2d 197, 202 (S.C. 2007).  Without proof of Mrs. Elmore's products liability claims, Mr. Elmore's claim for loss of consortium must fail as well.

## CONCLUSION

Because the record does not establish a genuine issue of material fact, Defendant is entitled to summary judgment.  Defendant's motion for summary judgment is granted.

**IT IS ORDERED.**

3

                                              s/ Margaret B. Seymour  
                                              Margaret B. Seymour  
                                              United States District Judge

Columbia, South Carolina  
October 6, 2011